765 So.2d 752 (2000)
BYNUM TRANSPORT, INC., and Liberty Mutual Insurance Company, Appellants,
v.
Douglas SNYDER, Appellee.
No. 1D99-2785.
District Court of Appeal of Florida, First District.
June 5, 2000.
*753 Laura L. Ferrante of Warpinski, Kellogg & Ferrante, Jacksonville, for Appellants.
Richard A. Kupfer, of Richard A. Kupfer, P.A., West Palm Beach; Louis P. Pfeffer, Lake Worth, for Appellee.
ERVIN, J.
Appellants, Bynum Transport, Inc., and Liberty Mutual Insurance Company, respectively the employer and carrier (E/C), appeal an order in which the judge of compensation claims (JCC) concluded that under section 440.20(4), Florida Statutes (1997), the E/C waived the right to deny compensability of hepatitis C contracted by claimant, Douglas Snyder, by failing to do so within 120 days after it had commenced providing such benefits. We affirm.
Snyder was driving a truck for Bynum Transport on November 11, 1997, when he lost control and crashed. The carrier paid benefits for head, neck, and back injuries. The E/C authorized treatment beginning February 9, 1998, with internist Dr. Bruce M. Grossman, who diagnosed Snyder as infected with hepatitis C. In a letter dated March 23, 1998, Dr. Grossman said he could not determine whether Snyder had contracted the disease from tattoos, prior blood contact, prior hepatitis C contact, or lying with open wounds after the truck accident in mud that might have been infected.
The carrier paid for some of the treatment related to the hepatitis C and then stopped payment. Snyder filed a petition for benefits on July 22, 1998, seeking a determination of the compensability of his hepatitis C condition, as well as for past and future care and treatment of hepatitis C by Dr. Grossman. The E/C never controverted the claim.
The JCC found that claimant's hepatitis C was compensable, because the E/C failed to deny compensability within 120 days after initiating payment of benefits therefor, pursuant to section 440.20(4), which provides:
If the carrier is uncertain of its obligation to provide benefits or compensation, it may initiate payment without prejudice and without admitting liability. The carrier shall immediately and in good faith commence investigation of the employee's entitlement to benefits under this chapter and shall admit or deny compensability within 120 days after the initial provision of compensation or benefits. Upon commencement of payment, the carrier shall provide written notice to the employee that it has elected to pay all or part of the claim pending further investigation, and that it will advise the employee of claim acceptance or denial within 120 days. A carrier that fails to deny compensability within 120 days after the initial provision of *754 benefits or payment of compensation waives the right to deny compensability, unless the carrier can establish material facts relevant to the issue of compensability that it could not have discovered through reasonable investigation within the 120-day period.
The JCC acknowledged that the E/C had not informed claimant in writing that it was invoking the 120-day pay-and-investigate period, and that there was evidence that Snyder's infection was not related to his industrial accident. Nevertheless, he continued, the carrier could have discovered this information within 120 days after first providing treatment by Dr. Grossman, after it had received Dr. Grossman's letter of March 23, 1998, or after claimant had filed the petition for benefits. In contrast, the JCC observed, the E/C would not have lost the right to deny compensability if it had simply controverted the claim by either filing a denial or not paying the benefits.
The E/C first contends that section 440.20(4) applies only to the first claim following an injury ("initial provision of benefits"), rather than to any claim following an industrial accident. We cannot agree. Nothing in the statute limits its application in this manner. See, e.g., Eastern Indus., Inc. v. Burnham, 750 So.2d 748 (Fla. 1st DCA 2000) (E/C could have avoided penalty for failing to pay permanent, total disability benefits within seven days after they became due, which claimant contended was one and one-half years after industrial injury, by commencing payment of such benefits and undertaking investigation during the 120-day period required by section 440.20(4)).
The E/C's central argument is that the pay-and-investigate period cannot be commenced without an overt decision on the part of the carrier to invoke it by paying benefits and issuing written notice to the claimant. Again we disagree. When an E/C becomes aware that a claimant has medical needs, it should either pay for them, pay and investigate under section 440.20(4), or deny compensability.[1] If the E/C is not sure whether to provide compensation or benefits, the pay-and-investigate provision offers a limited window of time in which to explore the question of compensability without being locked into a fixed position. Dr. Grossman's letter should have alerted the E/C to the necessity of investigating the cause of Snyder's illness. Once it began paying benefits to Snyder relating to his hepatitis C, the E/C could not evade its obligation to investigate and decide either to continue making payments or to deny compensability, by simply ceasing to pay and remaining silent. Therefore, its failure to deny compensability within 120 days from the provision of benefits constituted its acceptance of compensability.
AFFIRMED.
WOLF and WEBSTER, JJ., CONCUR.
NOTES
[1] We make no determination as to whether doing nothing could be construed as a denial under section 440.20(4). Cf. Russell Corp. v. Brooks, 698 So.2d 1334, 1335 (Fla. 1st DCA 1997) (failure to file a notice of denial in response to a petition for benefits operates as a denial of every allegation therein under section 440.192(8)).