798 So.2d 821 (2001)
Frank GARNER, Appellant,
v.
CLAY COUNTY DISTRICT SCHOOL BOARD and RSKCo., Appellees.
No. 1D00-3281.
District Court of Appeal of Florida, First District.
October 30, 2001.
*822 John J. Rahaim, II and Wendy L. Steiner, Jacksonville, for Appellant.
Frank K. Calhoun, of Frank K. Calhoun, P.A., Jacksonville, for Appellee.
PER CURIAM.
The claimant in this case raises two issues stemming from the final order in which the Judge of Compensation Claims determined that the employer/carrier was not estopped from denying appellant's claims and ordered that his claims be denied. Because our reversal on the first issue is determinative, we do not address the second.
As a result of his inhalation of battery acid fumes over the course of several months, appellant suffered a compensable injury in March 1996. The e/c apparently provided benefits beginning that month, and beginning June 1996 the e/c authorized claimant's treatment with Dr. Samir Najjar and paid for such treatment through July 1997. Dr. Najjar diagnosed claimant as suffering from toxic chemical sinusitis/chronic sinusitis and asthma, both resulting from claimant's toxic exposure at work. The e/c filed its first claim denial on July 28, 1997, based on the opinion of the e/c's Independent Medical Examiner who interviewed claimant in June 1997. Dr. Knibbs opined that claimant's chronic sinusitis was not work-related. One year later, in June 1998, the e/c had claimant examined by another IME, Dr. Grigas, who diagnosed claimant as suffering from asthma not causally related to work. At the hearing below, claimant argued that the e/c was estopped from denying benefits for claimant's current medical condition because the e/c failed timely to deny the claims under section 440.20(4), Florida Statutes (1995). The e/c contended that claimant was not diagnosed as having asthma until Dr. Grigas did so in June 1998[1] and that claimant's inhalation of toxic fumes caused a compensable aggravation of claimant's underlying asthma, but that the asthma itself was not compensable. The JCC determined under the relevant statute and case law that the e/c was not estopped from denying the claims. The JCC found that the e/c made reasonable efforts to investigate the claim, that claimant's asthma was not diagnosed until July 1998, and that the e/c only accepted compensability *823 for the aggravation of claimant's sinusitis caused by exposure to the toxic fumes but did not knowingly pay any benefits related to asthma.
Section 440.20(4), Florida Statutes, requires a carrier to admit or deny compensability of a claim within 120 days. Failure timely to act waives the right to deny compensability unless the e/c meets the following standard:
A carrier that fails to deny compensability within 120 days after the initial provision of benefits or payment of compensation waives the right to deny compensability, unless the carrier can establish material facts relevant to the issue of compensability that it could not have discovered through reasonable investigation within the 120-day period.
§ 440.20(4). In Hunt v. Exxon Co. USA, 747 So.2d 966 (Fla. 1st DCA 1999), this court found no competent substantial evidence to support a JCC's finding that the e/c made a reasonable investigation under this statute, noting that the evidence showed that the e/c did not even ask the carrier-authorized treating physician basic questions about the causal relationship between the claimant's injury and her job duties until shortly before the merits hearing. Accordingly, the employer was deemed to have waived the right to deny the compensability of the employee's injury. See Bynum Transport, Inc. v. Snyder, 765 So.2d 752, 754 (Fla. 1st DCA 2000)(stating that once e/c began paying benefits the e/c cannot evade obligation to investigate and timely decide either to continue to pay or to deny compensability, and failure to deny compensability within 120 days constitutes acceptance of compensability). Recently in Franklin v. Northwest Airlines, 778 So.2d 418 (Fla. 1st DCA 2001), this court again applied section 440.20(4) to find that the e/c waived denial of compensability. Although competent substantial evidence supported the JCC's determination that the injury the claimant suffered was not the major contributing cause of the claimant's disability, this court held that the e/c waived denial of compensability under section 440.20(4). Franklin, 778 So.2d at 421. This court concluded that "[b]y initiating payment of benefits..., the employer/carrier became obligated immediately and in good faith" to investigate the claimant's entitlement to benefits and that having failed timely to deny benefits, the e/c was deemed to have accepted compensability. Id.
Under section 440.20(4) and the above cited cases, because the e/c did not timely deny benefits, it was the e/c's burden in this case to "establish material facts relevant to the issue of compensability that it could not have discovered through reasonable investigation within the 120-day period." The e/c argued and the JCC found that the e/c accepted compensability only of the aggravation of a pre-existing condition and did not accept asthma as a compensable condition, but we find no evidentiary basis for either the argument or the finding.[2] The e/c did not offer any evidence regarding what, if anything, the e/c knew during the relevant time period about claimant's diagnosed condition resulting from the inhalation of the toxic fumes, but the e/c admitted paying all of Dr. Najjar's bills. The e/c argued and the JCC found that Dr. Najjar did not diagnose claimant as having asthma until his *824 1999 deposition and thus the e/c did not know about claimant's asthma until Dr. Grigas diagnosed it in 1998. The record, however, is to the contrary. The written medical reports of Dr. Najjar made contemporaneously with each of claimant's office visits (for which the e/c paid) in 1996 and 1997 contain the clear written diagnoses of toxic chemical sinusitis/chronic sinusitis and asthma.[3] Accordingly, this material fact could have been readily discovered through reasonable means. In sum the e/c in the instant case presented no evidence[4] to support the arguments advanced and meet the burden of section 440.20(4). Accordingly, there is no competent substantial evidence supporting the JCC's findings and the determination that the e/c was not estopped to deny the compensability of appellant's claims.
We conclude under section 440.20(4) that the e/c waived the right to deny compensability of claimant's medical condition by failing to establish material facts relevant to the issue of compensability that it could not have discovered through reasonable investigation within the 120-day period. Thus, we reverse the JCC's order of denial and remand for further proceedings in accordance with this opinion.
BOOTH, BARFIELD and MINER, JJ., CONCUR.
NOTES
[1] The e/c argued that Dr. Najjar did not make the asthma diagnosis until his 1999 deposition.
[2] The e/c's argument that the 1996 injury was only an aggravation of claimant's pre-existing condition of asthma has no evidentiary support. No one testified that claimant's asthma preexisted the work injury. Dr. Grigas testified that he had no opinion on whether claimant had asthma at any time before June 1998, and Dr. Knibbs offered no opinion regarding asthma.
[3] The JCC's acceptance of Dr. Grigas's opinion over that of Dr. Najjar's regarding the cause of claimant's asthma does not change the fact that the record clearly shows that Dr. Najjar made the asthma does not change the fact that the record clearly shows that Dr. Najjar made the asthma diagnosis long before both his 1999 deposition and the 1998 examination of claimant by Dr. Grigas.
[4] The e/c points to a letter in which the carrier in March 1997 requested of Dr. Najjar a diagnosis of claimant's condition and its causation. First, this letter was not admitted as evidence. Second, this letter illustrates that the e/c did not seek this clearly available information until after claimant had been treating with the doctor for nine months.