819 So.2d 1014 (2002)
Steven C. CLEMENTS, Appellants,
v.
WALT DISNEY WORLD COMPANY and Walt Disney World Workers' Compensation, Appellees.
No. 1D01-1648.
District Court of Appeal of Florida, First District.
July 1, 2002.
Susan W. Fox of Macfarlane Ferguson & McMullen, Tampa; Laurie Thrower Miles of Smith, Feddeler, Smith & Miles, P.A., Lakeland, for Appellant.
William H. Rogner of Hurley, Rogner, Miller, Cox & Waranch, P.A., Orlando, for Appellees.
ERVIN, J.
This is an appeal by Steven Clements, appellant/claimant, from a workers' compensation order denying him authorization for lumbar surgery and indemnity benefits related thereto. We affirm all issues and address only that contending the judge of compensation claims erred in finding that Walt Disney World and Walt Disney World Workers' Compensation, respectively the employer/carrier (E/C), were not estopped as a matter of law to deny compensability of the requested surgery and incidental indemnity benefits in that the E/C had failed to deny compensability of the request within the 120 day period allowed in section 440.20(4), Florida Statutes (2000).[1] We affirm as to this issue because *1015 we do not interpret section 440.20(4) to encompass applications for surgery, unless included within a petition for benefits, as provided by section 440.192, Florida Statutes (2000).
The E/C accepted claimant's back injury of February 23, 2000, as compensable and authorized medical treatment for an exacerbation of claimant's disc condition. The authorized physician, Dr. Michael Broom, began treating claimant's low-back condition on March 22, 2000, and on May 5, 2000, recommended a lumbar decompressive laminectomy. The E/C first denied compensability of the recommended surgery on October 30, 2000.[2] Claimant contends that the E/C was reasonably on notice as of March 22, 2000, that he might require back surgery; therefore, he argues that the E/C had 120 days from that date or until July 20, 2000, to undertake an investigation and make a reasoned decision whether to deny compensability of the surgery, as required by section 440.20(4). We cannot agree. Section 440.20(4) provides as follows:
If the carrier is uncertain of its obligation to provide benefits or compensation, it may initiate payment without prejudice and without admitting liability. The carrier shall immediately and in good faith commence investigation of the employee's entitlement to benefits under this chapter and shall admit or deny compensability within 120 days after the initial provision of compensation or benefits. Upon commencement of payment, the carrier shall provide written notice to the employee that it has elected to pay all or part of the claim pending further investigation, and that it will advise the employee of claim acceptance or denial within 120 days. A carrier that fails to deny compensability within 120 days after the initial provision of benefits or payment of compensation waives the right to deny compensability, unless the carrier can establish material facts relevant to the issue of compensability that it could not have discovered through reasonable investigation within the 120-day period.
Claimant relies on this court's opinions in Franklin v. Northwest Airlines, 778 So.2d 418 (Fla. 1st DCA 2001), and Bynum Transport, Inc. v. Snyder, 765 So.2d 752 (Fla. 1st DCA 2000), to support his argument that the E/C was estopped from denying compensability of his request for surgery and related indemnity benefits pursuant to section 440.20(4). Each of these cases is factually distinguishable, however, because neither involved a request for surgery, as here, but rather the E/C's initial approval of medical treatment, and thereafter the termination of such authorization outside the 120-day period, despite its knowledge or reasonable awareness of claimant's medical needs. In contrast to those facts, the E/C at bar concluded that the industrial accident had exacerbated claimant's back problem, and it thereafter paid medical benefits for the exacerbation. Dr. Broom did not recommend the laminectomy, however, to address the exacerbation, but the entire disc herniation, which had occurred before the accident. The statute's payment-of-benefits provision, as applied to an exacerbation of a pre-existing condition should, in our judgment, be reasonably construed as commencing the 120-day period for an investigation as to the compensability of the exacerbation, and not in regard to the compensability of a major surgical procedure related to the pre-existing condition. As applied to the facts before us, the provisions of section 440.192(8) are controlling. This provision states:
*1016 Within 14 days after receipt of a petition for benefits by certified mail, the carrier must either pay the requested benefits without prejudice to its right to deny within 120 days from receipt of the petition or file a notice of denial with the division. The carrier must list all benefits requested but not paid and explain its justification for nonpayment in the notice of denial. A carrier that does not deny compensability in accordance with s. 440.20(4) is deemed to have accepted the employee's injuries as compensable, unless it can establish material facts relevant to the issue of compensability that could not have been discovered through reasonable investigation within the 120-day period. The carrier shall provide copies of the response to the filing party, employer, and claimant by certified mail.
Because claimant had not specifically requested the surgery until October 30, 2000, in his pre-trial stipulation, and thereafter in his amended petition for benefits dated December 6, 2000, the E/C's denial of the request as of October 30, 2000, clearly complied with the 120-day provisions of section 440.20(4), as incorporated in section 440.192(8).
AFFIRMED.
KAHN, J., CONCURS.
ALLEN, C.J., CONCURS IN RESULT ONLY.
NOTES
[1] The statute was amended effective October 1, 2001, following the claimant's accident. We express no opinion regarding the effect of the revised statute.
[2] This was also the date that claimant first specifically sought approval of the surgery in writing. His previously filed petition for benefits had made no such claim.