ERVIN, J.
This workers’ compensation appeal poses the question of whether the 120-day pay-and-investigate provision set forth in section 440.20(4), Florida Statutes (Supp. 1998), applies to a situation in which the claimant has a preexisting compensable injury that is exacerbated or aggravated by work duties. The judge of compensation claims (JCC) concluded that the statutory provision was inapplicable, because claimant had suffered an exacerbation of a prior compensable injury, not a new compensa-ble accident, as claimant had contended, and all benefits to which claimant was entitled had been provided. As a result, he made no determination of the applicability of the 120-day period. We decline to read the 120-day rule so restrictively and therefore reverse and remand for further proceedings.
Section 440.20(1), Florida Statutes (Supp.1998), requires the employer/carrier (E/C) to provide compensation benefits to the injured worker, unless the E/C denies compensability. Alternatively, the E/C may opt to “pay and investigate,” as set forth in subsection 440.20(4), as follows:
If the carrier is uncertain of its obligation to provide benefits or compensation, it may initiate payment without prejudice and without admitting liability. The carrier shall immediately and in good faith commence investigation of the employee’s entitlement to benefits under this chapter and shall admit or deny compensability within 120 days after the initial provision of compensation or benefits. Upon commencement of payment, the carrier shall provide written notice to the employee that it has elected to pay all or part of the claim pending further investigation, and that it will advise the employee of claim acceptance or denial within 120 days. A carrier that fails to deny compensability within 120 days after the initial provision of benefits or payment of compensation waives the right to deny compensability, unless the carrier can establish material facts relevant to the issue of compensa-bility that it could not have discovered through reasonable investigation within the 120-day period.
Thus, once an E/C becomes aware of an injured employee’s need for medical or other compensation benefits, it has three options: pay, pay and investigate within 120 days, or deny. See Bynum Transp., Inc. v. Snyder, 765 So.2d 752, 754 (Fla. 1st DCA 2000). If the E/C commences payment and fails to investigate within the 120 days, or fails to deny compensability within that time period, the injury is deemed compensable. See, e.g., id.; Garner v. Clay County Dist. Sch. Bd., 798 So.2d 821 (Fla. 1st DCA 2001); Franklin v. Northwest Airlines, 778 So.2d 418 (Fla. 1st DCA 2001); Hunt v. Exxon Co. USA 747 So.2d 966 (Fla. 1st DCA 1999).
In applying the 120-day rule, we are cognizant that the above cases do not involve the unique facts of an initial compen-sable injury followed by a compensable exacerbation or aggravation thereof, as here, but rather involve a condition the E/C eventually contended was noncom-pensable. We conclude, however, that the occurrence of an exacerbation of a prior injury is not a legitimate factual distinction, because nothing in section 440.20(4) suggests that the pay-and-investigate rule does not apply to exacerbations of compen-sable injuries. Rather, the statute simply states: “If the carrier is uncertain of its obligation to provide benefits or compensation, it may initiate payment without prejudice and without admitting liability.” Here, there was clearly uncertainty as to whether benefits should be paid, either as an exacerbation of a preexisting injury or as a new accident.
*1143 Moreover, case law indicates that the 120-day rule may be applied in multiple circumstances involving an injury. For example, in Bynum Transport, the E/C initially considered the injury, caused by an automobile accident, to be compensable, but during the treatment process, it was discovered that the claimant had contracted Hepatitis C. The E/C paid for some treatment for the disease, but then terminated payments outside the 120-day period. The claimant then sought a ruling of the condition’s compensability, and the JCC found it compensable by virtue of the 120-day rule. On appeal, the E/C argued that the 120-day period only applied to the first claim following the injury, i.e., the initial provision of benefits, rather than any claim following the accident. This court disagreed, finding nothing in the statute that so limited the 120-day rule. Once the E/C became aware of the claimant’s need for medical benefits in regard to Hepatitis C, it had three options: pay, pay and investigate, or deny. Because the E/C was on notice of the necessity to investigate the cause of claimant’s Hepatitis C by virtue of a letter from his physician, the E/C could not evade its duty to investigate. The E/C’s failure to deny compensability within 120 days from the provision of benefits therefore constituted acceptance of compensability for Hepatitis C.
Multiple applications of the 120-day rule to different claims is also supported by Clements v. Walt Disney World Co., 819 So.2d 1014 (Fla. 1st DCA 2002). In that case, the E/C accepted the claimant’s back injury as compensable and authorized treatment for an exacerbation of his preexisting disc condition on February 23, 2000. On May 5, 2000, the treating physician recommended surgery, which the E/C did not deny until October 30, 2000, more than 120 days later. This court decided that section 440.20(4), as applied to an exacerbation of a preexisting condition, should “be reasonably construed as commencing the 120-day period for an investigation as to the compensability of the exacerbation, and not in regard to the compensability of a major surgical procedure related to the pre-existing condition.” Id. at 1015.
An E/C may avoid application of the 120-day rule if it establishes material facts relevant to compensability that it could not have discovered within the 120-day period. See § 440.20(4), Fla. Stat. (Supp.1998); Garner v. Clay County Dist. Sch. Bd., 798 So.2d at 823. In this case, the E/C argues that it was not on notice that appellant was claiming a new accident, as opposed to an exacerbation, until he filed his petition for benefits on May 29, 2001, and because the E/C had timely filed a notice of denial as to that petition, it contends the rule could not bar it from denying the compensability of a new accident. The JCC, however, never determined whether the E/C was on notice of the new accident or whether the exception to the 120-day rule regarding the discovery of relevant material facts outside the 120-day period applied, due to his decision that the 120-day rule was inapplicable. The case must therefore be reversed and remanded for further consideration of this issue, including the taking of additional evidence, if necessary.
In reversing, we reject the E/C’s argument, which equates with one asserting harmless error, that all benefits to which claimant was entitled were provided. This argument fails to acknowledge the importance of the accident date, which controls computation of the claimant’s average weekly wage and corresponding compensation rate. Additionally, it neglects statute-of-limitation issues that could arise. It also ignores the statutory definition of “accident,” which is “an unexpected or unusual event or result that happens suddenly,” and includes “acceleration or aggravation *1144 of the preexisting condition.” § 440.02(1), Fla. Stat. (Supp.1998).
Because we reverse and remand for reconsideration as to the application of the 120-day rule, we decline to reach appellant’s second issue regarding the ruling on major contributing cause. We agree with claimant, however, that the JCC erred in ruling upon the temporary partial disability claim, because that issue was taken from his consideration by the parties’ stipulation.
REVERSED and REMANDED.
VAN NORTWICK, J., concurs; WOLF, J., dissents with opinion.