WOLF, J.,
dissents.
The issue is whether a carrier who pays all requested benefits to a claimant in a good faith belief that the benefits are connected to an initial compensable accident is precluded from denying compensability of a second incident by the terms of section 440.20(4), Florida Statutes, when the carrier denies compensability and makes no further payment of benefit after becoming aware that the claimant is asserting that a second separate compensable incident took place. The JCC’s findings determining that no new compensable incident occurred and that the carrier was not precluded from denying the claim are supported by competent substantial evidence and should be affirmed.
Claimant originally sustained a permanent back injury at work on June 21, 1999. The carrier paid all compensation benefits which were due. The carrier also paid medical bills related to temporary flareups of the original injury. Another incident occurred on October 24, 2000. The carrier again paid all medical bills. Claimant’s main treating doctor described the October 24th incident as a temporary flare-up. Claimant filed a new petition for benefits claiming temporary total and/or partial disability benefits from the October 24, 2000, incident. The carrier filed a notice of denial of benefits on March 29, 2001.
Section 440.20(4), Florida Statutes (1998), deals with a carrier’s obligation to deny compensability within 120 days of providing benefits and the waiver of the rights to do so if the time periods are not complied with. The beginning of section 440.20(4), Florida Statutes, reads,
If the carrier is uncertain of its obligation to provide benefits or compensation ....
(Emphasis added).
The statute continues and states the obligation of the carrier to “admit or deny compensability within 120 days.” The clear intent of this statute is to make the carrier weigh its options concerning a known claim in an expeditious manner and to quickly inform the injured employee of its position.
In the instant case the JCC concluded, The Court finds that, as there was no new accident, there was no need to invoke the pay and investigate provisions of Section 440.20(4), Florida Statutes as the Employer/Seif-Insured appropriately rendered all benefits to which the Claimant was entitled under the June 21,1999, compensable accident date.
The JCC further made factual findings which were supported by competent substantial evidence which provide the bases for the conclusion. Implicit in the JCC’s findings is that there could be no conscious decision of the carrier concerning com-pensability for a new incident when they thought they were paying medical benefits pursuant to the original injury rather than a new compensable occurrence.
It is not reasonable to assume that the legislature intended to preclude a carrier *1145 from raising a valid defense where the factual determinations of the JCC support the conclusion the carrier was not under reasonable notice of its obligation to make the statutorily required determination of compensability. It was only after new benefits were requested that the carrier determined that there were allegations of a separate compensable incident. Com-pensability was denied within 120 days of that time.
Neither of the two main cases relied on by the majority, Bynum Transport, Inc. v. Snyder, 765 So.2d 752 (Fla. 1st DCA 2000), and Clements v. Walt Disney World Co., 819 So.2d 1014 (Fla. 1st DCA 2002), involve a situation where the carrier would not realize that a new and distinct claim was being made. In Bynum, only one accident was involved. There the only question related to the compensability of a hepatitis C condition, and the carrier paid benefits related to that condition for more than 120 days prior to challenging the compensability. Under such circumstances application of the statutory waiver was appropriate. Clements dealt with allowing the carrier to raise the compensability issue within 120 days of the specific request for new benefits. The court allowed the carrier to raise the defense. Neither Clements nor Bynum provide support for a conclusion that the employer is precluded by statute from challenging compensability where it is unaware that a new claim is being asserted.
I would affirm.