871 So.2d 941 (2004)
Bobby WILLIS, Appellant,
v.
PUBLIX SUPER MARKETS, INC., and Publix Risk Management, Appellees.
No. 1D03-727.
District Court of Appeal of Florida, First District.
March 30, 2004.
Rehearing Denied May 6, 2004.
*942 Mark G. Capron, Esquire, of Smith, Feddeler, Smith & Miles, P. A., Lakeland; Susan W. Fox, Esquire, and Brendan M. Lee, Esquire, of MacFarlane Ferguson & McMullen, Tampa, for Appellant.
Curt Harbsmeier, Esquire, of Harbsmeier, Dezayas, Appel & Harden, LLP, Lakeland, for Appellees.
PER CURIAM.
The claimant, Bobby Willis, appeals the judge of compensation claims's ("JCC") order and argues that the JCC erred by (i) finding that the employer/carrier ("E/C") complied with the 120-day "pay and investigate" rule of section 440.20(4), Florida Statutes (2001), and (ii) allowing the "updated IME" of a psychiatrist into evidence. We affirm the JCC's evidentiary ruling on the updated IME without further comment. The JCC's 120-day ruling is reversed.
The claimant, employed by Publix Supermarkets, Inc., as a meat cutter, alleged work-related neck pain, back pain, and carpal tunnel syndrome from a March 17, 2001 accident under a repetitive trauma theory. The E/C accepted compensability for the carpal tunnel syndrome but denied the claimant's petition for medical indemnity benefits for his neck and back pain.
The claimant initially sought medical treatment under his group health insurance and was treated by several doctors who diagnosed him with work-related problems. The claimant received surgery on June 25, 2001, for carpel tunnel syndrome. Also on June 25, 2001, the claimant initiated a petition for workers' compensation benefits for his neck and back conditions. Publix decided to pay and investigate pursuant to the 120-day provision contained in section 440.20(4), Fla. Stat. (2001).
An independent medical evaluation ("IME") was conducted on October 25, 2001, 123 days after the claimant first notified Publix that he was filing a petition for benefits. The IME physician opined that the claimant had osteoarthritis and that his neck and back conditions were pre-existing, not work-related. Based on this recommendation, the E/C denied compensability on November 1, 2001, 130 days after the claimant first sought workers' compensation benefits for his neck and back conditions. The JCC found that the E/C's denial of the neck and back conditions was within 120 days of the claimant's petition for benefits. The JCC also found that a four-day extension for the employer to deny compensability was warranted, thus recognizing that the E/C did not deny compensability within the time period.
The claimant contends that it was error for the JCC to allow the E/C to deny compensability for the neck and back conditions claimed on June 25, 2001, when the E/C failed to deny compensability within 120 days as required by section 440.20(4), Florida Statutes (2001). We agree and, therefore, reverse on this issue. Because the record does not show that the E/C "establish[ed] material facts relevant to the issue of compensability that it could not have discovered through reasonable investigation within the 120-day period," the E/C waived its right to deny compensability. See Clements v. Walt Disney World Co., 819 So.2d 1014, 1016 (Fla. 1st DCA 2002) (holding that the 120-day period begins to run when the claimant specifically *943 requests the benefit); Franklin v. Northwest Airlines, 778 So.2d 418, 421-22 (Fla. 1st DCA 2001) (requiring the E/C to pay benefits even though injury did not arise out of employment because the E/C did not comply with 120-day requirement).
AFFIRMED in part; REVERSED in part and REMANDED.
WOLF, C.J., PADOVANO and POLSTON, JJ., concur.