904 So.2d 538 (2005)
Anthony TOMASKOVICH, et al., Appellant,
v.
Andre LAPOINTE, Appellee.
No. 1D04-3318.
District Court of Appeal of Florida, First District.
May 27, 2005.
Rehearing Denied June 30, 2005.
*539 H. George Kagan, Esquire, and Theodore J. Berman, Esquire; Miller, Kagan, Rodriguez & Silver, P.A., West Palm Beach, for Appellant.
Richard A. Lovesky, Esquire, Bradenton, and Bill McCabe, Esquire, Longwood, for Appellee.
HAWKES, J.
The Employer and Carrier (E/C) appeal the order of the Judge of Compensation Claims (JCC), which found an Independent Medical Examination (IME) qualified as the "initial provision of benefits," triggering the 120-day pay and investigate provisions of section 440.20(4), Florida Statutes (2001). We reverse.

FACTUAL BACKGROUND
In October 2001, Claimant was doing masonry work when the scaffolding he was on broke. He fell six feet landing on his buttocks, with concrete blocks falling on top of him. Claimant testified he injured his wrist, fractured his jaw, a block landed on top of his head, his back hit the block pile, and he dislocated his hip. The E/C accepted the accident and the injuries of which Claimant complained, as compensable.
*540 In August 2002, Claimant filed a petition for benefits (PFB) alleging a compensable back injury resulted from the accident. By default the E/C denied each allegation.
In January 2003, an orthopedic surgeon, Dr. Wolff, examined Claimant and performed what the doctor reported was an IME. Dr. Wolff ordered x-rays, and subsequently diagnosed degenerative disc disease of the lumbar spine. Dr. Wolff's report noted Claimant's emergency room records for the date of the accident did not include back complaints, examination or x-rays. Because of the lack of initial complaints, and the significant time differential (approximately five months) between the accident and onset of symptoms, the doctor was unable to opine that Claimant's back problem resulted from the work-related accident. The January visit was the only time Dr. Wolff saw Claimant.
In March 2003, the parties entered into a stipulation which, in relevant part, stated "an orthopedic surgeon was timely authorized for treatment of the claimant's back pursuant to the [PFB] dated August 12, 2002. Further treatment will be authorized if medically necessary and related to the compensable accident." The stipulation further indicated all PFBs at issue were withdrawn without prejudice.

THE JCC'S HOLDING
Based on the foregoing, the JCC found there was no competent, substantial evidence to find Claimant's back injury resulted from the work place accident. We agree.
Despite this finding, the JCC concluded the IME must be treatment, and if treatment, then a benefit. If the IME is converted to a benefit, then the E/C had 120 days from January 10, 2003, or until May 10, 2003, to deny compensability. The JCC also concluded the E/C failed to timely deny compensability and was therefore estopped from defending the claim, pursuant to section 440.20(4), Florida Statutes (2001). We disagree with these conclusions.
The structure of the JCC's logic was: (1) Dr. Wolff saw Claimant for the IME in January 2003; (2) The March 2003 stipulation stated Dr. Wolff was authorized to treat Claimant's back; (3) Together, any office visit (regardless of what occurs at the visit) to an authorized physician must equate to treatment; (4) Any treatment is a benefit provided to the Claimant; (5) Any provision of a benefit triggers the section 440.20(4), pay and investigate provisions.
The JCC's logic fails for two reasons: (1) It ignores that on January 10, 2003, Dr. Wolff did not provide treatment to the Claimant, but instead performed an IME; and (2) The JCC ignored the full import of the parties' stipulation.

AN IME IS NOT TREATMENT
Clearly, when the E/C fail to controvert a claim within 120 days after the initial provision of benefits, they are estopped from denying compensability. See § 440.20(4), Fla. Stat. (2001); Willis v. Publix Super Markets, Inc., 871 So.2d 941 (Fla. 1st DCA 2004). However, the benefit that triggers the 120-day period must actually be provided, not merely authorized. See Osceola County Sch. Bd. v. Arace, 884 So.2d 1003 (Fla. 1st DCA 2004).
Here, the record unequivocally indicates Dr. Wolff performed an IME. Dr. Wolff's report is labeled, "Independent Medical Evaluation," and states that "[t]he examination was conducted consistent with the guidelines of the American Board of Independent Medical Examiners. These guidelines were explained to the claimant prior to the examination."
*541 The test in determining whether a benefit was provided when a physician is authorized, is what the physician did, not what the parties suspected he did or believed he did. Thus, even if Dr. Wolff was authorized,[1] to treat, he must actually provide treatment before Claimant would receive a benefit that would trigger the section 440.20(4), pay and investigate provisions.
Both Florida Statutes and our case law interpreting those statutes clearly show an IME is not treatment. An IME is defined in section 440.13(5)(a), Florida Statutes (2001). That section provides that an IME is used only when there is a dispute, and provides that either the E/C or the claimant may use an IME to assist in the resolution of the dispute.[2] Although an IME may ultimately assist a claimant in securing necessary medical treatment, it is not, in and of itself, a form of medical treatment. See Lombardi v. S. Wine & Spirits, 890 So.2d 1128, 1129 (Fla. 1st DCA 2004). Because Dr. Wolff did not provide treatment, Claimant did not receive a benefit. Because Claimant did not receive a benefit, the 120-day time period provided by section 440.20(4), was never triggered.

THE STIPULATION
However, even if some benefit had been provided, or the IME could somehow be converted to a benefit, the 120-day time period would not be triggered in this case because of the stipulation entered into between the parties. After the March 3 stipulation, no PFBs were pending, no treatment was received and, according to the record, there was no request for treatment until seven to eight months after the IME and four to five months after the stipulation. Therefore, there was simply no forum, nor mechanism available to the E/C to further deny compensability, other than what was provided by the stipulation.
The plain language of the stipulation shows the parties recognized compensability was disputed. The stipulation reserved to Claimant the right to file a new PFB, and reserved to the E/C the right to contest medical necessity and compensability, if, in the future, the parties failed to agree to Claimant's entitlement to benefits under chapter 440.
When Claimant did eventually desire treatment, consistent with the stipulation, he called his attorney, not Dr. Wolff. In an August 2003, letter, Claimant's attorney summarized the positions of the parties stating, "your client has taken the position that [Claimant's] back injury is not compensable." The E/C was informed that, since they were exercising their right to contest compensability, Claimant would exercise his right to file a PFB and seek a merits hearing.
The E/C's response to the PFB Claimant filed, continued to deny compensability of the back. This was true even though the E/C indicated Dr. Wolff remained authorized, because he could only provide further treatment "if medically necessary and related to the compensable accident." Obviously, the E/C denied the back injury was "related to the compensable accident," and Claimant asserted it was in his PFB.
*542 The JCC's order is REVERSED and the case REMANDED for proceedings consistent with this opinion.
PADOVANO and POLSTON, JJ., concur.
NOTES
[1] In this case, the record evidence indicates Dr. Wolff's authorization as a treating physician occurred from the March 3 stipulation, subsequent to the January 10 IME. We do not address whether retroactive authorization affects the analysis since Dr. Wolff did not provide treatment.
[2] Section 440.13(5)(a) states in part: "In any dispute concerning overutilization, medical benefits, compensability, or disability under this chapter, the carrier or the employee may select an independent medical examiner."