KAHN, C.J.,
concurring.
I have signed on to Judge Van Nort-wick’s opinion, and I write separately in an attempt to dispel any notion that this case in any way involves an analysis under the familiar rule of competent substantial evidence. The determinant in this case, as Judge Van Nortwick points out, is that benefits due were controlled solely by Florida law, and Florida alone has jurisdiction over this workers’ compensation claim. This is a legal conclusion, and appellee’s unilateral mistake of law no more serves as a defense than does its apparent igno- *684 ranee of Florida Workers’ Compensation law.
Failure of an employer/carrier to investigate fully and deny a claim within 120 days after initially providing benefits renders that claim compensable pursuant to section 440.20(4), Florida Statutes. See, e.g., Franklin v. Northwest Airlines, 778 So.2d 418 (Fla. 1st DCA 2001); Bynum Trans., Inc. v. Snyder, 765 So.2d 752 (Fla. 1st DCA 2000). This is not a “gotcha” or “technical” claim. This is the law established by the Florida Legislature and extant in this state now for well over eleven years. The law was obviously intended by our Legislature to facilitate the administrative management of workers’ compensation claims by employers and carriers and, thereby, to avoid litigation. For better or worse, section 440.192(8) and section 440.20(4), both contemplate that in some cases, benefits will be payable under circumstances where the merits of the situation might suggest otherwise. This is a policy decision made by the Legislature that we have no alternative but to honor.