SWANSON, J.,
dissenting.
I respectfully dissent. Claimant, now age fifty-two, was working as a school custodian at the time of her February, 2012, workplace injury to the right shoulder. She underwent surgery to repair the right rotator cuff, but continues to have right shoulder pain. In October of 2012, while working in a limited capacity, she experienced symptoms of pain and discomfort in the left shoulder. Tests revealed a left rotator cuff tear; however, the left shoulder condition was initially determined to be non-compensable. Claimant is unable to work and has no health insurance through employment.
According to Chapter 440 of Florida Statutes, it is the intent of the Legislature that Workers’ Compensation Law “be interpreted so as to assure the quick and efficient delivery of disability and medical benefits to an injured worker and to facilitate the worker’s return to gainful reemployment at a reasonable cost to the employer.” § 440.015, Fla. Stat. (2012). Here, in the medical opinion of Dr. White — the only physician to testify in this case — performing surgery on the right shoulder first may result in further injury to the left shoulder. Dr. White refused to subject Claimant to this risk and recommended that surgery first be performed on the left shoulder. Dr. White further confirmed that surgical repair of the left shoulder would aid Claimant’s later recovery from the anticipated surgery to the compensable right shoulder in that she will have a better shoulder on the left side during the recovery period. Of critical import, Dr. White opined it was medically necessary for Claimant to undergo the left shoulder surgery first; this was unrebut-ted. Based on the stated intent of the Legislature, the record, the law as further discussed, common sense and fundamental fairness, we should affirm the JCC in this case.
In support of that proposition, I note in the final order the JCC found Claimant’s left shoulder repair to be a compensable condition as a hindrance to the compensa-ble surgery on the right shoulder “[biased on the totality of the evidence.” This finding is supported by Dr. White’s opinion that having a good left shoulder will aid in Claimant’s recovery following the right shoulder surgery, and is a part of the “totality of the evidence.” It constitutes competent substantial evidence (CSE) supporting the JCC’s determination and is consistent with section 440.13(2), Florida Statutes (2012). That provision requires an employer/carrier to “furnish to the employee such medically necessary remedial treatment, care, and attendance for such period as the nature of the injury or the process of recovery may require, which is in accordance with established practice parameters and protocols of treatment.” § 440.015, Fla. Stat. (2012).
Here the E/C challenges the JCC’s findings of fact. Accordingly, the correct standard of review is whether CSE supports the JCC ruling. Jefferson v. Wayne Dalton Corp./Hartford, 793 So.2d 1081, 1083 (Fla. 1st DCA 2001). To the extent an order depends upon an evidentiary foundation, the “standard of review in worker’s compensation cases is whether competent substantial evidence supports the decision below, not whether it is possible to recite contradictory record evidence which supported the arguments rejected below.” Wintz v. Goodwill, 898 So.2d 1089, 1093 (Fla. 1st DCA 2005) (quoting Mercy Hos *236 pital v. Holmes, 679 So.2d 860, 860 (Fla. 1st DCA 1996) (emphasis in original). In this case, I am of the view the majority has, by their opinion, diminished this standard in a manner inconsistent with controlling authority.
I am of the strong opinion that the record evidence requires this court to affirm the order on appeal.