BENTON, J.,
concurring in the judgment.
“When an E/C becomes aware that a claimant has medical needs [of which a compensable injury is the purported major contributing cause], it should either pay for them, pay and investigate under section 440.20(4), or deny compensability.” Bynum Transp., Inc. v. Snyder, 765 So.2d 752, 754 (Fla. 1st DCA 2000). In the present case, the employer or its insurance carrier accepted the injury as compensa-ble, without reservation. This election was binding: The statutory “pay and investigate rule” requires:
Upon commencement of payment as required under subsection (2) or s. 440.192(8), the carrier shall provide urritten notice to the employee that it has elected to pay the claim pending further investigation, and that it will advise the employee of claim acceptance or denial within 120 days.
§ 440.20(4), Fla. Stat. (2013) (emphasis added). In order to invoke the benefits of the pay and investigate rule, an employer or its carrier must give notice it is relying on the pay and investigate provision at or before “commencement of payment.” Id. “A carrier that does not deny compensability in accordance with s. 4,4,0.20(4,) is deemed to have accepted the employee’s injuries as compensable-” § 440.192(8), Fla. Stat. (2013) (emphasis added).
In short, I join the judgment of the court on grounds the notice of denial contesting the injury’s compensability came too late.