884 So.2d 1003 (2004)
OSCEOLA COUNTY SCHOOL BOARD and Florida School Board Insurance Trust, Appellants,
v.
Dawn ARACE, Appellee.
No. 1D03-3177.
District Court of Appeal of Florida, First District.
October 1, 2004.
*1005 Danni Lynn Germano, and Sarah P. Reiner of Broussard, Cullen & Degailler, P.A., Orlando, for Appellants.
Dennis J. Hunter of the Law Office of Dennis J. Hunter, Orlando, for Appellee.
BROWNING, J.
This workers' compensation appeal presents a question of first impression: the definition of the phrase "initial provision of benefits" in section 440.20(4), Florida Statutes (2000). From the plain meaning of the wording, we conclude that the phrase refers to the first examination or treatment by an authorized treatment provider.
Appellants seek review of an order of the Judge of Compensation Claims (JCC) finding compensability and awarding evaluation of Appellee/Claimant by an allergist. Appellants raise two arguments on appeal: that their denial of compensation was timely under section 440.20(4), Florida Statutes (2000); and that the record does not contain competent, substantial evidence to support the trial court's finding that the industrial accident is the major contributing cause of Claimant's injury. Because the second argument was not preserved for appeal by argument below, we address only the first argument. Because we disagree with the trial court that Appellants' denial of compensability was untimely, we reverse.
Section 440.20(4) provides that if a workers' compensation carrier is uncertain of compensability, it can
admit or deny compensability within 120 days after the initial provision of compensation or benefits.... A carrier that fails to deny compensability within 120 days after the initial provision of benefits or payment of compensation waives the right to deny compensability, unless the carrier can establish material facts relevant to the issue of compensability that it could not have discovered through reasonable investigation within the 120-day period.
§ 440.20(4), Fla. Stat. (2000). The phrase "initial provision of benefits" is not explicitly defined in this version of the statutes.[1] However, the meaning of the statute can be determined by examination of the plain meaning of the wording. See Holly v. Auld, 450 So.2d 217 (Fla.1984).
The use of the disjunctive "or" makes clear that the words "compensation" and "benefits" refer to two distinct entities. It is clear that payment of compensation refers to the payment of temporary or permanent, partial or total, disability benefits because section 440.20(1)(a) states that "the carrier shall pay compensation directly to the employee as required by ss. 440.14, 440.15, and 440.16 ...," and those statutes refer to the payment of disability or death benefits as calculated from the average weekly wage. Accordingly, the term "benefits" as used in section 440.20 must mean something other than payment of disability benefits.
We conclude that the "initial provision of benefits" occurs on the date a claimant visits an authorized physician. Authorization makes a doctor's visit, and *1006 payment for that visit, possible, but it does not obligate the employer and carrier to pay for that visit until the visit takes place. Further, such a visit could produce the first available information useful to the employer and carrier to determine whether the injury is compensable, which is one of the reasons for the 120-day period. Therefore, the first authorized doctor's visit by a claimant is the "initial provision of benefits," beginning the 120-day pay-and-investigate period mentioned in section 440.20(4), Florida Statutes (2000).
In the instant case, Appellants denied the claim for compensation within 120 days after the claimant's first authorized doctor's visit, which was within the statutory pay-and-investigate period. Because Appellants' denial of compensability was timely, we REVERSE the JCC's order and REMAND for proceedings consistent with this opinion.
ALLEN and VAN NORTWICK, JJ., concur.
NOTES
[1] The phrase has been defined in the statutes only since October 1, 2001. Ch.2001-91, § 17, at 777-78, Laws of Fla.