906 So.2d 1216 (2005)
Roger D. BOYETT, Appellant,
v.
WAL-MART and Integrated Administrators, Appellees.
No. 1D04-2997.
District Court of Appeal of Florida, First District.
July 21, 2005.
*1217 Daniel J. Glary, Jacksonville, for Appellant.
Morgan A. Indek of The Law Offices of Joseph T. Farrell, P.A., Orlando, for Appellees.
WEBSTER, J.
In this workers' compensation case, claimant asserts that the judge of compensation claims committed reversible error in holding that (1) claimant's left-sided flank hernia was not compensable notwithstanding the failure of the employer and servicing agent to file a notice of denial within 120 days of their initial provision of benefits; (2) claimant was not entitled to temporary partial disability benefits from the date of the accident to May 1, 2003, although the undisputed evidence established that claimant's loss of earnings was caused exclusively by his hernia; and (3) claimant was not entitled to temporary partial disability benefits from May 2, 2003, to the date of the hearing although the evidence established that claimant remained partially disabled due to his hernia, without regard to his pre-existing chronic obstructive pulmonary disease (COPD). Because the record does not contain competent, substantial evidence sufficient to support the judge's finding that the employer and servicing agent could not, through reasonable investigation, have discovered material facts relevant to the issue of compensability within 120 days of their initial provision of benefits, we reverse as to the first and second issues. However, because the record does contain competent, substantial evidence to support the judge's finding that claimant voluntarily limited his income after May 1, 2003, we affirm as to the third issue.
On March 2, 2003, claimant, who suffered from COPD and heart ailments unrelated to his employment, was working for the employer as an overnight stockman. Early that morning, while working with another employee moving large toolboxes, claimant fell to the floor in apparent pain. The fellow employee, who was aware of claimant's ailments, asked claimant whether moving the toolboxes had caused his problem, and claimant allegedly responded, "no, it's that nasty old stuff I've had, maybe it's coming back again." Paramedics were called and, after treating claimant, told him that he should "go to the hospital." The fellow employee drove claimant home, and claimant's department manager followed in claimant's car. After claimant had been dropped off at his home, he got his son-in-law to drive him to the emergency room.
The emergency room record indicates that claimant presented complaining of pain in his lower lateral chest when coughing or breathing deeply that had started that day. There is no mention of any workplace injury, and no indication that *1218 claimant had any symptoms that would suggest a hernia. Nine days later, claimant returned to the emergency room complaining of left-flank pain and wheezing. Claimant was admitted to the hospital based on a diagnosis of pneumonia. The record for this visit also notes for the first time a clinical impression of a left-flank hematoma. In mid-March, after his release from the hospital, claimant "asked to see [the employer's] doctor." The servicing agent received the first notice of injury on March 18, and authorized treatment by a physician the same day.
Claimant saw the authorized physician on March 18. He told the physician that he had been moving toolboxes when "he coughed and felt severe left abdominal and chest wall pain"; that he went to the emergency room and was told he had "a strain"; that, several days later, "he saw a bruise" and was experiencing increased pain; and that, upon his return to the emergency room, he was admitted to the hospital for treatment of pneumonia. This physician related claimant's abdominal injury to claimant's work based solely on the history claimant provided, and the fact that most abdominal wall hernias have a lifting etiology. The physician did not see the initial, March 2, emergency room record at that time.
Claimant filed a petition for benefits on June 23, 2003, seeking a determination of his average weekly wage, temporary partial disability benefits and authorization for hernia surgery. He filed a second petition on October 8, 2003, seeking authorization of treatment for his COPD because a general surgeon to whom he had been referred by the authorized physician had said that he would not perform the surgery necessary to repair the hernia until claimant had been cleared for such surgery by a pulmonologist. The employer and servicing agent filed a denial of the second petition on October 9, 2003. However, they did not file a notice of denial of the first petition until January 22, 2004, more than 300 days after the initial provision of benefits. The notice of denial directed to the first petition was filed because the physician to whom claimant had been sent by the employer and servicing agent changed his opinion at his deposition after having been shown the initial, March 2, 2003, emergency room record, which he opined was inconsistent with the history given him by claimant, and with the hernia being work related.
At the merits hearing, claimant contended that his hernia condition was compensable as a matter of law because the employer and servicing agent had failed to deny compensability within 120 days after the initial provision of benefits as required by section 440.20(4), Florida Statutes (2002), which, to the extent pertinent, reads:
A carrier that fails to deny compensability within 120 days after the initial provision of benefits or payment of compensation. . . waives the right to deny compensability, unless the carrier can establish material facts relevant to the issue of compensability that it could not have discovered through reasonable investigation within the 120-day period. . . .
In his merits order, the judge rejected claimant's argument that section 440.20(4) prevented the employer and servicing agent from contesting compensability with the following statement:
I acknowledge the claimant's argument in regard to the applicability of the 120-rule; however, I specifically reject this argument and accept the employer/servicing agent's argument that the information necessary to make a determination on causation could not have been reasonably obtained within the 120 day period.
*1219 The judge then found that claimant's hernia condition and need for treatment were not work related and, accordingly, denied the petitions for benefits.
As the language of section 440.20(4) quoted above clearly states, absent a denial of compensability made within 120 days of the initial provision of benefits or payment of compensation, the employer and carrier (or servicing agent) waive the right to later do so, unless they are able to demonstrate the existence of "material facts relevant to the issue of compensability that [they] could not have discovered through reasonable investigation within the 120-period." The judge's order fails to identify any such "material facts," and our review of the record reveals none. Appellees seem to take the position that, because claimant allegedly gave an inaccurate history to the physician to whom he had been sent, they had no obligation pursuant to section 440.20(4) to perform any investigation. The clear language of that section belies any such reading.
The record reflects without contradiction that the employer received a written statement from claimant's fellow employee 11 days after the incident, reflecting that claimant had allegedly denied to her that his injury was attributable to moving toolboxes but that, rather, it was attributable to "that nasty old stuff" (i.e., the COPD) he had had. It is also clear that the employer was aware at least within weeks of the incident that claimant had taken the advice of the paramedics and gone to the emergency room. There is simply nothing in the record that would explain why the employer and servicing agent, armed with the fellow employee's statement and the initial emergency room record (which could easily have been obtained), would not have had sufficient information to deny compensability within the 120-day period. Likewise, there is nothing to suggest what additional "material facts" could not have been discovered through reasonable investigation within that period. Because there is no competent, substantial evidence in the record to support the judge's finding that the employer and servicing agent could not have reasonably obtained the information necessary to make a determination regarding compensability within the 120-day period, we reverse that portion of the merits order, as well as the portion of the order denying compensability for the hernia and for treatment of the COPD to the extent necessary to permit treatment of the hernia. See Urban v. Morris Drywall Spray, 595 So.2d 60, 61 (Fla. 1st DCA 1991) ("a claimant may be awarded treatment for a preexisting medical condition which is not directly related to a compensable injury if that condition interferes with or retards recovery from the compensable injury").
For the same reason, we also reverse the portion of the order denying temporary partial disability benefits from the date of the accident until May 1, 2003, to the extent claimant would otherwise be entitled to such benefits. However, as to the portion of the petition that sought temporary partial disability benefits for the period from May 2, 2003, to the date of the hearing, the judge found that, even assuming the hernia was compensable, no such benefits were due because claimant had voluntarily limited his income. This finding is supported by competent, substantial evidence and, accordingly, we affirm it.
In summary, we reverse the portions of the merits order finding that the employer and servicing agent could not have reasonably obtained the information necessary to make a determination regarding compensability within the 120-day period; denying compensability for the hernia and for treatment of the COPD to the extent necessary *1220 to permit treatment of the hernia; and denying temporary partial disability benefits from the date of the accident until May 1, 2003; and remand those issues for further proceedings consistent with this opinion. We affirm the portion of the order denying temporary partial disability benefits for the period from May 2, 2003, to the date of hearing.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
DAVIS and THOMAS, JJ., concur.