913 So.2d 1244 (2005)
BEGLEY'S CLEANING SERVICE and Nationwide Insurance Company, Appellants,
v.
Julio COSTA, Appellee.
No. 1D04-4087.
District Court of Appeal of Florida, First District.
November 10, 2005.
Kimberly A. Hill of Conroy, Simberg, Ganon, Krevans & Abel, P.A., Hollywood, for Appellants.
Monte R. Shoemaker and Kellye A. Shoemaker, Altamonte Springs, for Appellee.
KAHN, C.J.
In this workers' compensation case, the E/C appeal a Summary Final Order in which the Judge of Compensation Claims (JCC) found them estopped to deny compensability of the claimant's accident. Because we conclude the JCC erred in this determination, we reverse the order.

*1245 Background

On August 13, 2003, the claimant, Julio Costa, suffered an injury at work when he fell to the ground while trimming a palm tree. On September 19, 2003, the E/C sent Costa the following letter:
In accordance with the Florida Workers Compensation Law, effective January 1, 1994, the Employer/Carrier may make "good faith" payments, subject to further investigation, on any claim or benefit requested by an injured worker.
Please be advised that we are paying the benefits you requested in "good faith," but reserve the right to deny these benefits, after further investigation, within 120 days of the date of this letter, if the claim or benefit is determined not to be compensable.
Despite this letter, the E/C never paid any indemnity or medical benefits.
On December 18, 2003, Costa filed a petition for benefits. On January 7, 2004, the E/C filed a form DWC-12 denying benefits, stating "ENTIRE CLAIM DENIED." Costa filed a Motion for Entry of a Summary Final Order pursuant to Florida Administrative Code Rule 60Q-6.120(1).[*] In the motion, Costa asserted that the E/C had taken no action during the 120-day period and were, therefore, required to accept compensability of the accident and injuries. The E/C, in response, filed a Memorandum of Law, arguing that they had "timely denied the compensability of this alleged accident and the 120 day rule never began to toll [sic]." The parties agreed to the entry of a summary final order in this matter.
On August 12, 2004, the JCC rendered the Summary Final Order. In this order, the JCC quoted provisions in sections 440.20(2) and 440.20(4), Florida Statutes (2002). The JCC cited Hutchinson v. Lykes Smithfield Packing, 870 So.2d 144 (Fla. 1st DCA 2004), explained that the E/C had "exercised none of the 3 options announced by the court in Hutchinson," and concluded that the E/C "is obligated and required to accept the compensability of the Employee's accident and his injuries." The E/C have appealed and argue that the JCC erred in finding them estopped from denying benefits based on the failure to deny within 120 days, where they never provided any medical or indemnity benefits.

Analysis
The E/C rely heavily on Bussey v. Wal-Mart Store # 725, 867 So.2d 542 (Fla. 1st DCA 2004). Costa would distinguish Bussey, asserting that the E/C there did not elect to "pay and investigate." The parties thus disagree over the effect of the E/C sending a "120-day letter" following *1246 an injury but not paying any benefits or compensation. Our standard of review is de novo. See, e.g., Morris v. Dollar Tree Store, 869 So.2d 704, 705 (Fla. 1st DCA 2004) ("Because the JCC's interpretation is one of law, our review standard is de novo."); Lanham v. Dep't of Envtl. Prot., 868 So.2d 561, 562 (Fla. 1st DCA 2004) ("Because the decision below turns on an interpretation of law, our review standard is de novo."); Castleberry v. Edward M. Chadbourne, Inc., 810 So.2d 1028, 1029 (Fla. 1st DCA 2002) ("Summary judgment is appropriate if there is no genuine issue of material fact and if the moving party is entitled to a judgment as a matter of law. Accordingly, we review this case de novo.").
The 120-day "pay and investigate" provision is contained in section 440.20(4), Florida Statutes, and the version applicable at the time of Costa's accident provides:
If the carrier is uncertain of its obligation to provide benefits or compensation, it may initiate payment without prejudice and without admitting liability. The carrier shall immediately and in good faith commence investigation of the employee's entitlement to benefits under this chapter and shall admit or deny compensability within 120 days after the initial provision of compensation or benefits as required under subsection (2) or s. 440.192(8). Upon commencement of payment as required under subsection (2) or s. 440.192(8), the carrier shall provide written notice to the employee that it has elected to pay all or part of the claim pending further investigation, and that it will advise the employee of claim acceptance or denial within 120 days. A carrier that fails to deny compensability within 120 days after the initial provision of benefits or payment of compensation as required under subsection (2) or s. 440.192(8) waives the right to deny compensability, unless the carrier can establish material facts relevant to the issue of compensability that it could not have discovered through reasonable investigation within the 120-day period. The initial provision of compensation or benefits, for purposes of this subsection, means the first installment of compensation or benefits to be paid by the carrier under subsection (2) or pursuant to a petition for benefits under s. 440.192(8).
§ 440.20(4), Fla. Stat. (2002) (emphasis added). As the emphasized language indicates, the 120-day period does not begin to run until the commencement of payment of compensation or benefits. As the E/C argue, the "commencement of payment" or "initial provision of compensation or benefits" never occurred here. Thus, from a plain reading of the statute, the letter sent in this case had no effect because the E/C never paid any benefits. See Bussey, 867 So.2d at 545 ("The 120-day period becomes relevant only when an E/C has elected to pursue the `pay and investigate' option. Section 440.20(4) applies to a carrier that is `uncertain of its obligation to provide all benefits or compensation' and gives the E/C an option to pay benefits while reserving the right to later deny compensability after investigation." (emphasis added)). See also Tomaskovich v. Lapointe, 904 So.2d 538, 540 (Fla. 1st DCA 2005) ("[T]he benefit that triggers the 120-day period must actually be provided, not merely authorized."); Osceola County Sch. Bd. v. Arace, 884 So.2d 1003, 1006 (Fla. 1st DCA 2004) ("[T]he first authorized doctor's visit by a claimant is the `initial provision of benefits,' beginning the 120-day pay-and-investigate period mentioned in section 440.20(4), Florida Statutes (2000)."); Jeffrey's Steel v. Conibear Equip., Inc., 854 So.2d 268, 270-71 (Fla. 1st DCA 2003) (indicating that "[p]rovision *1247 of the 120 day letter is only required where the carrier is uncertain of its obligation to provide benefits, and begins paying benefits while it investigates the compensability of an employee's injury").
Costa argues that the E/C have only three options when faced with a claimant who has medical needs. Our decisions state that "when the employer/carrier recognized, or reasonably should have become aware, that the claimant had medical needs, the employer/carrier [have] three options: [1] to pay for them; [2] to pay and investigate in accordance with section 440.20(4), Florida Statutes (1995); or [3] to deny compensability." Franklin v. Nw. Airlines, 778 So.2d 418, 421 (Fla. 1st DCA 2001); see also, e.g., Hutchinson, 870 So.2d at 147-48; Bynum Transp., Inc. v. Snyder, 765 So.2d 752, 754 (Fla. 1st DCA 2000). This court has also indicated, however, that by doing nothing in response to a request for benefits, the E/C have denied the claim. See Bussey, 867 So.2d at 545-46; Russell Corp. v. Brooks, 698 So.2d 1334, 1335 (Fla. 1st DCA 1997). In those cases, "an E/C which neither denies a petition for benefits within 14 days of receipt nor elects to pay and investigate pursuant to section 440.20(4) is placed in the `identical position as the E/C that files a notice of denial.'" Bussey, 867 So.2d at 546 (quoting Russell Corp. v. Brooks, 698 So.2d 1334, 1336 (Fla. 1st DCA 1997) (Ervin, J., concurring)).
The E/C's action in this case is most closely analogous to that of an E/C who fails to take any action. The inartful letter utilized here does not construct an equity that goes against the E/C. Actually, the letter plays no part in the case because Costa can show no reliance, nor can he show any prejudice from having received the letter. He never received any benefits, including payment of the hospital bill, which was apparently due at the time the letter arrived.
Therefore, despite the E/C's letter referencing the 120-day provision, that provision was never actually triggered here because the E/C never paid anything. As with an E/C who takes no action, the E/C here should be placed in the same position as the E/C that files a notice of denial. Accordingly, the JCC erred in finding the E/C estopped to deny compensability of the accident.
REVERSED.
WEBSTER and PADOVANO, JJ., CONCUR.
NOTES
[*] Rule 60Q-6.120 addresses summary final orders and provides in pertinent part:

(1) The judge may enter a summary final order when such order would be dispositive of the issues raised by the subject petition. Issues that would be dispositive are whether there is coverage, whether the statute of limitations has run, whether the accident or occupational disease is compensable, whether the claim is barred by res judicata or a prior settlement, whether the judge has jurisdiction over the subject matter, whether the benefit sought has been paid, and whether the alleged employee is an independent contractor.
(2) Any party may file a motion for a summary final order when there is no genuine issue as to any material fact and the granting of the motion would be dispositive of the issues raised by the subject petition. A summary final order shall be rendered if the judge determines from the pleadings and depositions, together with affidavits, if any, that no genuine issue as to any material fact exists and that the moving party is entitled as a matter of law to the entry of a final order. No motion for summary final order may be filed less than 30 days prior to a scheduled final hearing.