BARFIELD, J.
The Employer and Carrier (E/C) appeal the order of the Judge of Compensation Claims (JCC), which found the claimant’s alleged work place injuries to be compen-sable because the E/C failed to timely comply with the 120-day pay and investigate provisions of section 440.20(4), Florida Statutes (2003). We reverse.
After receiving a notice of injury, the E/C filed a 120-day pay and investigate letter on November 10, 2003. The claimant filed a petition for benefits dated May 5, 2004. A mediation conference was held on May 13, 2004. The mediation settlement agreement provided that the E/C agreed to provide an orthopaedic specialist for the alleged neck and left arm injuries, and would schedule an appointment for claimant with Dr. Zemankiewicz. The mediation settlement agreement also specifically provided that compensability of the alleged injuries was still at issue. The parties completed a pretrial stipulation before leaving the mediation conference. This pretrial stipulation, dated May 13, 2004, indicates the 120-day investigation is ongoing, that medical care with Dr. Zem-ankiewicz was authorized per the mediation agreement, and that compensability was an issue to be determined at final hearing. Claimant’s counsel acknowledged receiving the E/C’s denial of compensability on June 1, 2004. Claimant’s first visit with Dr. Zemankiewicz was on June 28, 2004, and her second visit was on October 6, 2004. The final hearing (originally scheduled for June 29, 2004) was held on November 9, 2004.
The JCC erred in determining the E/C waived its right to challenge the compens-ability of claimant’s injuries based on failure to timely deny compensability pursuant to section 440.20(4). Because neither compensation nor benefits were being paid at the time the E/C sent the November 10, 2003 letter, the 120-day pay and investigate letter had no effect under these circumstances. Begley’s Cleaning Serv. v. Costa, 913 So.2d 1244 (Fla. 1st DCA 2005). Although the E/C provided benefits subsequent to the June 1, 2004 notice of denial, these benefits were provided pursuant to the mediation settlement agreement. This agreement, and the pretrial stipulation prepared on the same date, specifically showed that the parties recognized that compensability was disputed. Accordingly, we find this case to be distinguishable from Hutchinson v. Lykes Smithfield Packing, 870 So.2d 144 (Fla. 1st DCA *68 2004). In Hutchinson, a notice of denial was not filed until just over six months after the initial provision of benefits, and benefits were not provided pursuant to a mediation settlement agreement. The JCC’s order is REVERSED and the case is REMANDED for further proceedings.
WOLF and BROWNING, JJ., concur.