940 So.2d 518 (2006)
Robert E. MIMS, Appellant,
v.
CONFEDERATED STAFFING, and Unisource Administrators, Inc., Appellees.
No. 1D05-5175.
District Court of Appeal of Florida, First District.
October 25, 2006.
*519 Jonathan Israel and Anthony G. Papa of Harrell & Harrell, P.A., Jacksonville, for Appellant.
David M. Havlicek of Kelley, Kronenberg, Gilmartin, Fichtel & Wander, Orlando, for Appellees.
ERVIN, J.
This is an appeal from a final workers' compensation order denying appellant Robert E. Mims' claims for compensability of his back condition and authorization of a neurologist. We affirm the order of denial as it relates to the authorization of a neurologist, but reverse the judge of compensation claims' (JCC's) denial of the compensability of the back condition because more than 120 days had expired from the initial provision of benefits by the carrier to the claimant, thereby waiving its right to deny compensability of the injury. See § 440.20(4), Fla. Stat. (2003).
On December 31, 2003, claimant injured his lower back while employed by the appellee, Confederated Staffing. Shortly thereafter, the employer accepted the injury's compensability and commenced the payments of both medical and indemnity benefits. Claimant's authorized orthopedist, Dr. Michael Scharf, initially diagnosed a disc herniation at the L4-5 level, with chronic low back pain. On June 24, 2004, a laminectomy was performed, and Dr. Scharf's note of the same date stated that the surgery disclosed spinal stenosis with no evidence of disc herniation. On November 15, 2004, Dr. Scharf informed the E/C's attorney that 100 percent of claimant's need for medical treatment was caused by pre-existing degenerative changes due to claimant's personal condition, spinal stenosis. On December 17, 2004, claimant filed a petition for benefits requesting authorization of a neurologist and compensability of the claim, which the carrier timely controverted because of the opinion of claimant's treating physician attributing the cause of claimant's condition to the spinal stenosis.
Following the hearing, the JCC accepted the opinion of the physician that the claimant's injury was wholly attributable to his preexisting condition, and therefore found that his "current condition is not compensable as it did not arise out of the course and scope of his employment and no further treatment is awarded." The judge further concluded there was nothing in the record that would have reasonably placed the E/C on notice of claimant's personal condition being the major contributing cause of the injury until the conference between its attorney and Dr. Scharf on November 15, 2004, and, because the E/C denied further medical treatment within *520 120 days from the notification it had then received, the compensability of the injury was deemed timely denied. Based on these findings, the JCC refused both the claims for compensability of the claimant's back condition and authorization of a neurologist. We cannot agree with the judge's denial in regard to the compensability of the injury to claimant's back.
If a carrier fails to contest compensability of an injury within 120 days from the initial provision of benefits or the payment of compensation, the burden of producing evidence is clearly placed on it by section 440.20(4) to "establish material facts relevant to the issue of compensability that it could not have discovered through reasonable investigation within the 120-day period." As in Boyett v. Wal-Mart, 906 So.2d 1216, 1219 (Fla. 1st DCA 2005), neither the judge's order in the case at bar nor the record before us reveals the existence of material facts disclosing the carrier's inability to commence a reasonable investigation within the statutory period. Although we acknowledge that nothing in the medical records prior to the laminectomy conducted on June 24, 2004, placed the E/C on notice that the back injury suffered by claimant during the course of his employment was not the major contributing cause of his condition, we are unable to uncover any support in the record for the judge's finding that such notice was not received by the carrier until the conference of November 15, 2004.
Dr. Scharf's surgery notes of June 24, 2004, should have reasonably brought to the carrier's attention the fact that claimant's personal condition preexisted the industrial accident, thereby alerting it to the necessity of beginning an investigation, yet it failed to take any action within 120 days from such notice. The carrier presented no evidence that Dr. Scharf did not provide his office notes to it, that he misled it, or that his notes were lost or misplaced. The only evidence offered by the carrier as an excuse for its failure to deny within the 120-day period was that it only actually became aware as of November 15, 2004, that the industrial accident was not the major contributing cause of the injury. The statute does not, however, provide that the carrier have nothing less than actual notice, but rather that it have sufficient information to enable it to deny compensability within 120 days. See id.
In our judgment, the carrier had such information through the provision of Dr. Scharf's notes. In fact, this court's case law interprets the statute's language pertaining to the commencement of the running of the 120-day period from the initial provision of benefits to mean the date the employee first visits an authorized physician, which could "produce the first available information useful to the employer and carrier to determine whether the injury is compensable . . . ." Osceola County Sch. Bd. v. Arace, 884 So.2d 1003, 1006 (Fla. 1st DCA 2004). In the present case, the record clearly establishes that claimant's first visit to the office of Dr. Scharf, the authorized physician, occurred well before the performance of the laminectomy of June 24, 2004, and the surgical notes of the same date, with the result that the E/C's subsequent denial of compensability after the conference of November 15, 2004, must be deemed to be a waiver of its right to contest the compensability of the back condition by reason of the expiration of the requisite 120-day period.
We agree, however, that the JCC correctly denied the claim seeking authorization of a neurologist. As this court observed in Checkers Restaurant v. Wiethoff, 925 So.2d 348, 351 (Fla. 1st DCA 2006) (en banc), while section 440.20(4) does bar the *521 carrier from denying compensability after the expiration of the 120-day pay-and-investigate period, it does not have the effect of precluding the carrier from denying a specific claim for benefits on the ground that the injuries resulting from the compensable accident were not the major contributing cause of claimant's need for such benefits. In Checkers, the JCC's finding that claimant's industrial injuries were no longer the major contributing cause of any continuing need for further treatment or surgery was based on medical evidence showing that the major contributing cause of claimant's requests was a pre-existing condition, and not the industrial injuries. The same situation exists in the present case. Claimant's attending physician opined that all of the claimant's current need for medical treatment was caused by her prior personal condition, not the industrial accident.
Under the circumstances, we consider that the issue of claimant's entitlement to the authorization of a neurologist is controlled by the rule stated in Checkers, and this court's earlier decision in Clements v. Walt Disney World Co., 819 So.2d 1014 (Fla. 1st DCA 2002). In Clements, the carrier, as here, authorized medical treatment for an exacerbation of the employee's disc condition during claimant's employment, and treatment for same continued for more than 120 days. Thereafter, the authorized physician recommended a laminectomy for the back condition, for which the claimant sought approval, and the carrier timely denied. In affirming the JCC's denial of the claim, we noted that the recommended surgery was not intended to address the exacerbation, which the E/C had accepted as compensable, but to resolve the entire disc herniation, which medical evidence revealed had occurred before the work-related accident. Id. at 1015. We concluded that the provisions of section 440.20(4) applied only to the compensability of the exacerbation of the condition, and not to a major surgical procedure which involved a condition that had pre-existed the work-related accident. We decided that under such circumstances, the provisions of section 440.192(8), Florida Statutes (2000), relating to the carrier's obligations in responding to a petition for benefits, governed, and because the carrier had timely denied the specifically requested surgery just after it had been claimed, it could not be deemed to have waived its right to contest. We reach a similar result in the present case. The E/C at bar timely denied the petition seeking the authorization of a neurologist within 14 days after the receipt of the petition.
AFFIRMED in part, REVERSED in part, and REMANDED.
WEBSTER, and THOMAS, JJ., concur.