PER CURIAM.
In this workers’ compensation appeal, St. Lucie County School Board and EMI, its carrier, appeal a final order of the judge of compensation claims (JCC) granting medical benefits to Sharon Richards, appellee and claimant below, under the so-called 120-day rule, section 440.20(4), Florida Statutes (2002). For the reasons that follow, we reverse and remand for further proceedings.
*1163 Sharon Richards was working as an elementary school speech pathologist when she fell at work on March 4, 2002. The accident was accepted as compensable, and Richards was authorized to be treated by the neurologist from whom she had previously obtained treatment for neck pain and headaches. After providing indemnity as well as medical benefits, the employer and carrier notified the claimant in December 2005 that any continuing need for medical treatment was no longer causally connected to her workplace accident and that, as a result, she should seek medical treatment outside of the worker’s compensation system. Richards thereafter filed a petition for benefits which the employer and carrier controverted on the ground that the accident is not the major contributing cause of Richards’ need for medical treatment.
At the merits hearing which followed, Richards indicated in her opening remarks that benefits were being sought pursuant to the 120-day rule, codified at section 440.20(4), Florida Statutes (2002), among other grounds. There was no objection lodged by the employer and carrier, even though Richards had not previously listed the 120-day rule in her pre-trial stipulation. Following the hearing, the JCC issued an order granting medical benefits on the authority of the 120-day rule, although the Judge accepted the opinion of the treating physician that the workplace accident was not the major contributing cause of Richards’ need for treatment.
A claimant is entitled to benefits only so long as the industrial injury remains the major contributing cause of the disability or need for treatment. § 440.09(l)(b), Fla. Stat. (2003); Checkers Rest. v. Wiethoff, 925 So.2d 348, 350 (Fla. 1st DCA 2006) (en bane); see Mims v. Confederated Staffing, 940 So.2d 518 (Fla. 1st DCA 2006). Although Checkers was not yet decided when the JCC issued the order on appeal, its holding is applicable in this case, and its application might affect the JCC’s ruling. Accordingly, we reverse the JCC’s rulings and remand for reconsideration of the claim in light of Checkers.
REVERSED AND REMANDED.
BROWNING, C.J., BARFIELD, and VAN NORTWICK, JJ., concur.