WRIGHT, WILLIAM L., Associate Judge.
In this workers’ compensation appeal, Claimant argues that the Judge of Compensation Claims (JCC) erred by entering summary final judgment in favor of the Employer/Carrier (E/C) because a genuine issue of material fact remained unresolved as to Claimant’s petition for benefits (PFB) of March 7, 2012, and the JCC erred in denying Claimant’s claims for penalties, interest, costs, and attorney’s fees. Because we reverse and remand the order on appeal based upon Claimant’s first issue alone, we reverse and remand the associated denial of penalties, interest, costs, and attorney’s fees.

Background

Claimant worked as a printer operator for the Employer; this job required repetitive lifting of boxes in and out of a printing machine, which, over time, resulted in injury to Claimant’s lumbar spine. Claimant’s accident and injury were accepted by the E/C as compensable, and the E/C authorized medical care for Claimant’s injuries. On October 19, 2010, Dr. George Sidhom, Claimant’s authorized physician, prescribed an “orthopedic mattress” for Claimant’s lumbar spine condition. Dr. Sidhom issued a second prescription on the same date for a “sleep number ilO mattress and base,” also for Claimant’s lumbar spine condition.
On January 26, 2011, Claimant filed a PFB seeking authorization of the “orthopedic mattress” as prescribed by Dr. Si-dhom in October 2010. On March 8, 2011, the parties entered into a mediation settlement agreement wherein the E/C agreed to provide an “orthopedic mattress” per Dr. Sidhom’s prescription.
On April 18, 2011, Claimant filed a PFB seeking the “sleep number ilO mattress and base” as prescribed by Dr. Sidhom in October 2010. A final merit hearing was held on May 25, 2011, relative to a claim for permanent total disability (PTD) benefits. At this hearing, Claimant requested that the JCC reserve adjudication on the petition for the “sleep number ilO mattress and base,” asserting that, because no mediation had been held on the petition, it was not procedurally ripe at that time. In June 2011, the JCC entered an order awarding PTD benefits and reserving adjudication on the claim for the “sleep number ilO mattress and base.” This order was appealed by the E/C. See Travelers Ins. v. Smith, 79 So.3d 26 (Fla. 1st DCA 2012) (1D11-3394). Because none of the issues relating to Claimant’s April 2011 petition were resolved in mediation (held July 12, 2011), final hearing was scheduled for November 2, 2011.
On November 1, 2011, Claimant filed a Notice of Voluntary Dismissal as to her April 18, 2011, claim for the “sleep number ilO mattress and base” on the basis that the E/C had again agreed to authorize an orthopedic mattress recommended by Dr. Sidhom. As a result of the dismissal of the April 2011 PFB, the November 2, 2011, hearing was cancelled. On February 13, 2012, this court affirmed the June 2011 *843 order, which awarded PTD benefits and reserved adjudication on the April 2011 PFB for a sleep number mattress and base. See Smith, 79 So.3d at 26.
On February 21, 2012, Dr. Sidhom again prescribed a “sleep number ilO mattress and base” for Claimant’s lumbar spine condition. On March 7, 2012, Claimant filed another PFB, seeking the “sleep number ilO mattress and base” prescribed by Dr. Sidhom in February 2012.
On March 22, 2012, the E/C filed a Motion for Summary Final Order seeking dismissal with prejudice of Claimant’s March 7, 2012, PFB requesting authorization of a “sleep number ilO mattress and base,” alleging that it was barred by the res judicata doctrine because Claimant had filed several petitions seeking the same orthopedic mattress.
In her objection to the E/C’s Motion for Summary Final Order, Claimant stated that summary final order was not appropriate because the case involved issues of fact regarding both medical testimony and the specific type of mattress sought, and Claimant now sought authorization of a new benefit based on a new prescription. On April 9, 2012, the JCC entered an order granting summary final order, dismissing with prejudice Claimant’s March 7, 2012, petition, from which Claimant appeals.

Analysis

A ruling on a motion for summary judgment is reviewed de novo. Thomas v. Eckerd Drugs, 987 So.2d 1262, 1263 (Fla. 1st DCA 2008) (citing Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000)). It is well settled that, when reviewing a lower court’s summary judgment ruling, an appellate court must draw all reasonable inferences in favor of the party opposing summary judgment. See, e.g., Auto-Owners Ins. Co. v. Young, 978 So.2d 850 (Fla. 1st DCA 2008). Summary judgment should not be granted unless, all reasonable inferences in favor of the non-moving party having been drawn, the facts are so crystallized that nothing remains but questions of law. See Spears v. Albertson’s, Inc., 848 So.2d 1176 (Fla. 1st DCA 2003). If, in contrast, the evidence is conflicting, and will permit different reasonable inferences, or tends to prove the issues, it should be submitted to the trier of fact. See Aberdeen at Ormond Beach, L.P., 760 So.2d at 130; Schneider v. City of Jacksonville, 933 So.2d 601, 602 (Fla. 1st DCA 2006).
This court has explained that summary final orders are permitted where res judicata bars the claim:
Florida Administrative Code Rule 60Q-6.120(1) permits a JCC to enter a summary final order when the order would be dispositive of the issues raised by the petition, and there are no genuine issues of material fact. See id.; Begley’s Cleaning Serv. v. Costa, 913 So.2d 1244, 1245 (Fla. 1st DCA 2005). A JCC shall review the pleadings and depositions, together with affidavits, if any, to determine whether there are any genuine issues of material fact. See Fla. Admin. Code R. 60Q-6.120(2); Costa, 913 So.2d at 1245. Issues considered dispositive, in relevant part, include whether the claim is barred by res judicata. See Fla. Admin. Code R. 60Q-6.120(1); Costa, 913 So.2d at 1245.
Thomas, 987 So.2d at 1263. “The general principle behind the doctrine of res judica-ta is that a final judgment by a court of competent jurisdiction is absolute and puts to rest every justiciable, as well as every actually litigated, issue.” Gordon v. Gordon, 59 So.2d 40 (Fla.1952). The piecemeal nature of workers’ compensation does not preclude application of res judicata. Boynton Landscape v. Dickinson, 752 *844 So.2d 1236, 1237 (Fla. 1st DCA 2000) (“As a general rule, piecemeal litigation of mature claims is no more permissible in workers’ compensation cases than in civil litigation. If a merits hearing occurs and mature claims are not litigated, the claims are considered waived, and later litigation is precluded by application of the doctrine of res judicata.”). However, this principle only applies when the elements of res judi-cata are present and the doctrine properly applied. Caron v. Systematic Air Servs., 576 So.2d 372, 375 (Fla. 1st DCA 1991) (quoting Albrecht v. State, 444 So.2d 8 (Fla.1984)).
Several conditions must occur simultaneously if a matter is to be made res judicata: identity of the thing sued for; identity of the cause of action; identity of parties; and identity of the quality in the person for or against whom the claim is made. Gordon, 59 So.2d at 40. Thus, where the second suit is upon the same cause of action and between the same parties as the first, res judicata applies. Id. The determining factor in deciding whether the cause of action is the same is whether the facts or evidence necessary to maintain the suit are the same in both actions. Id. Where several claims due at different times arise out of the same transaction, a judgment as to one or more of such claims will not bar a subsequent action on claims becoming due thereafter. Id.
Here, because there was no adjudication of Claimant’s entitlement to a “sleep number ilO mattress and base,” much less an adjudication regarding her entitlement to whatever benefit was prescribed by Dr. Sidhom in February 2012, the doctrine of res judicata should not have been applied in a summary manner. This case involves a 2012 claim for a medical benefit based upon Dr. Sidhom’s February 21, 2012, prescription, a new claim based on a new prescription, issued after the 2011 voluntary dismissal. Further, although the E/C alleged it timely provided the requested “orthopedic mattress” sought in Claimant’s first PFB, what is now at issue was Claimant’s entitlement to a “sleep number ilO mattress and base,” potentially a different benefit from the one agreed to by the E/C. Viewing this evidence in a light most favorable to Claimant, the benefit was in fact different, and given the E/C’s contention that the benefit was the same, the facts were not so crystallized as to present only an issue of law; entry of a summary final order is thus precluded. Accordingly, the JCC erred as a matter of law by granting summary judgment on this issue. The JCC’s order dismissing the claim with prejudice should be reversed, and the case remanded for the JCC to conduct additional evidentiary proceedings.
REVERSED and REMANDED.
BENTON, C.J., and ROBERTS, J„ concur.