IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

DEBORAH O'CONNOR,

     Appellant,

v.

NORTH OKALOOSA
MEDICAL  CENTER AND
GALLAGHER-BASSETT
SERVICES, INC.,

     Appellees.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-0623

_____/

Opinion filed December 12, 2014.

An appeal from an order of the Judge of Compensation Claims.
Nolan S. Winn, Judge.

Date of Accident: November 10, 2004.

John W. Wesley of Wesley, McGrail & Wesley, Fort Walton Beach, for Appellant.

Cindy R. Galen and Barbara J. Glas of Eraclides, Gelman, Hall, Indek, Goodman & Waters, LLC, Pensacola, for Appellees.

PER CURIAM.

In this workers' compensation case, Claimant appeals the judge of compensation claims' (JCC) denial of temporary total disability (TTD) benefits for

a defined period, based on his ruling that the benefits at issue were barred by res judicata. Because we conclude that the JCC erred by applying the doctrine of res judicata in this case, we reverse.

The facts in this case are undisputed. In 2004, Claimant sustained a compensable injury to her right, dominant hand, which ultimately resulted in a diagnosis of reflex sympathetic dystrophy/ complex regional pain syndrome of the right hand and wrist. This condition was accepted as compensable by the Employer/Carrier (E/C) and it provided extensive medical treatment, including injections from an authorized anesthesiologist. On January 14, 2011, following over six years of medical treatment, Claimant's authorized treating anesthesiologist placed her at maximum medical improvement (MMI); the doctor also opined that Claimant was unable to work. The E/C acted on this MMI date by suspending all temporary disability benefits, as is required by section 440.15(2)(a), Florida Statutes (2004); Claimant had not exhausted here entitlement to 104 weeks of temporary benefits when this suspension occurred.

In September 2011, by which time all Claimant's other treating medical professionals had also placed Claimant at MMI, Claimant filed a petition for permanent total disability (PTD) benefits based on the January 14, 2011, date of MMI; the petition necessarily, under section 440.32(3), Florida Statutes (2004), averred that Claimant had reached MMI. The E/C contested Claimant's entitlement

2

to PTD benefits, but not on the ground she had not reached MMI; to the contrary, in the pretrial stipulation pertaining to Claimant's PTD claim, both parties stipulated that Claimant reached MMI on January 14, 2011. On March 1, 2012, the JCC entered an order (the prior order), the decretal portion of which reads (all emphasis from the original): "Claimant's claim for permanent total disability (PTD) benefits from 01-14-11 is not ripe for adjudication and is therefore DENIED WITHOUT PREJUDICE." The body of the order explains that the JCC reached this disposition based on his finding that Claimant had not reached MMI, making the claim "premature." The JCC did not base his finding regarding MMI on a statement of such from a medical professional, but rather based on his interpretation of the anesthesiologist's testimony, which established that Claimant's medical recovery had plateaued but there was a possibility of further recovery once Claimant received additional treatment for a non-compensable neck injury, which treatment was on hold pending a dispute with another carrier. In the prior order, the JCC also found that Claimant was totally disabled from January 14, 2011, and thereafter. The prior order was not appealed by either party.

After her claim for PTD benefits was denied "without prejudice" and without an adjudication thereon, Claimant then filed a petition seeking TTD benefits from January 14, 2011, and continuing. The E/C raised the defense of res judicata against Claimant's entitlement to TTD benefits from January 14, 2011, through February

3

14, 2012, the date of the hearing that gave rise to the prior order. In the order on appeal, the JCC accepted the E/C's defense, reasoning that Claimant "could have" pled a claim for TTD benefits as an alternative to the PTD claim addressed in the prior order, in the "event that the facts were not determined to be as Claimant perceived." The JCC awarded, however, TTD benefits beginning on February 15, 2012 (the day after the hearing giving rise to the prior order), through September 19, 2012 (when Claimant reached MMI). This appeal followed, challenging only the denial of TTD benefits that the JCC concluded were barred by res judicata.

A lower court's ruling that bars relief on the grounds of res judicata is reviewed de novo. See Felder v. Fla. Dep't of Mgmt. Servs., 993 So. 2d 1031, 1034 (Fla. 1st DCA 2008) (citing Campbell v. State, 906 So. 2d 293, 295 (Fla. 2d DCA 2004)). The doctrine of res judicata can be applicable to workers' compensation cases. See Buena Vista Constr. Co. v. Capps, 656 So. 2d 1378, 1380 (Fla. 1st DCA 1995). The general principle behind the doctrine of res judicata is that a final judgment by a court of competent jurisdiction is absolute and puts to rest every justiciable, as well as every actually litigated, issue. See Caron v. Systematic Air Servs., 576 So. 2d 372, 375 (Fla. 1st DCA 1991) (citing Gordon v. Gordon, 59 So. 2d 40 (Fla. 1952)). However, this principle only applies when the elements of res judicata are present and the doctrine properly applied. See id. Here, the doctrine was not properly applied.

4

The very foundation of the doctrine of res judicata is the existence of a "final judgment" on the merits in a previous action. See Engle v. Liggett Group, Inc., 945 So. 2d 1246, 1259 (Fla. 2006); see also Smith v. Time Customer Servs., 132 So. 3d 841, 844 (Fla. 1st DCA 2013). Thus, where there is an absence of a prior final adjudication on the merits, res judicata does not apply. In the instant case, the prior order expressly *withholds* adjudication on the entirety of Claimant's claim for PTD benefits from January 14, 2011, and continuing, with no portion of the claim being adjudicated with finality because the JCC concluded the claim was premature; further, the denial of the entire claim was expressly made "without prejudice." The dismissal of a prematurely filed claim does not bar a subsequent action, under the doctrine of res judicata. See Shuck v. Bank of Am., N.A., 862 So. 2d 20, 24 (Fla. 2d DCA 2003). Although it could be argued that the JCC could or should have adjudicated some portion of the PTD claim with finality in the prior order, he did not. Hence, under the particular facts of this case, res judicata does not operate to bar Claimant's subsequent claim for TTD benefits – or in fact any other claim.

Based on the foregoing, the appealed order is AFFIRMED in part (relative to the TTD benefits awarded), REVERSED in part (relative to the TTD benefits denied), and REMANDED for the entry of an order consistent with this opinion.

PADOVANO, THOMAS, and CLARK, JJ., CONCUR.