IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

KILYN CONSTRUCTION, INC./
FRSA SIF,

      Appellants,

v.

DEDRICK PIERCE,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-5851

Opinion filed October 4, 2016.

An appeal from an order of the Judge of Compensation Claims.
Laura Roesch, Judge.

Date of Accident: October 10, 2012.

Diane H. Tutt of Conroy Simberg, Hollywood, for Appellants.

Paul M. Anderson of Anderson & Hart, P.A., Tallahassee, for Appellee.


PER CURIAM.

      In this workers' compensation appeal, Kilyn Construction, Inc., and its insurer (collectively, the "Employer") challenge the Judge of Compensation Claims' (JCC's) award of specific handicap-accessible housing and automobile insurance. We agree with the Employer that the award was not justified, and we reverse.

I.

After falling from a roof in 2012, Claimant Dedrick Pierce was left confined to a wheelchair, paralyzed below the waist. Earlier litigation—not at issue here—established that the Employer is responsible for providing Pierce handicap-accessible housing and a handicap-accessible van. The Employer purchased Pierce a van and paid the cost of his handicap-accessible apartment (less the cost of his pre-accident housing). For a while, everything was fine. But then Pierce lost his apartment and struggled to find a new arrangement. The Employer offered little or no help, and Pierce eventually found a new home that was substantially more expensive than his earlier one. Pierce also procured a new insurance policy for his van—again, with no help from the Employer.

## II.

The current dispute began in May 2015, when Pierce filed a petition for benefits seeking $17,250 for housing. This amount represented six months' prepayment for his proposed new home ($3,500 per month), less $3,750, the six-month value of his pre-accident apartment. Attached to his petition was a signed "Rental and Purchase Agreement" for the proposed new home—a four-bedroom house on approximately four acres of land near the water. The Employer denied the claim, contending *res judicata* barred the award and that the Employer had provided all the housing benefits due.

Pierce filed a second petition for benefits in August 2015, seeking $4,464 for van insurance. The Employer responded that it would pay a reasonable amount for insurance, but that $4,464 was unreasonable. (The Employer asserted later that a reasonable policy would cost less than $800.)

The JCC ruled in Pierce's favor on both the housing and the insurance, relying heavily on the Employer's failure to assist Pierce:

> Because the Carrier took no action, I find the Claimant reasonably acted on his own behalf. Simply stated, the evidence before this Court is devoid of any credible evidence that the Carrier has provided any assistance, much less meaningful or purposeful assistance, to this Claimant to provide handicap-accessible housing, once they were aware of Claimant's situation as clearly outlined in the letters from his attorney.
>
> . . . .
>
> Regarding Claimant's claim for auto insurance, this is another example of the [Employer's] failure to act, despite being requested by Claimant to assist.

The JCC ordered the Employer to pay $17,250 for rent and $4,464 for insurance. That led to this appeal.

## II.

### A.

The Employer first argues that *res judicata* precludes Pierce's housing claim. In earlier litigation, Pierce sought an award sufficient to rent a three-bedroom apartment instead of the two-bedroom apartment the Employer previously provided. Pierce lost on that earlier claim after the JCC found Pierce could not explain why he

3

needed the upgrade. In that November 2014 order, the JCC relied on *Ramada Inn South Airport v. Lamoureux*, 565 So. 2d 376, 377 (Fla. 1st DCA 1990), and explained that "as set forth in this Court's prior merits order, the [Employer] is obligated to provide handicap-accessible housing to [Pierce]; however, the extent of that obligation requires the [Employer] only to pay the difference in rent between [Pierce's] apartment at the time of the accident and his handicap-accessible apartment." Pierce did not appeal that order.

In *this* appeal, the Employer argues that the November 2014 order resolves Pierce's claim here. In the Employer's view, the extent of its monthly obligation was established earlier, and Pierce's failure to appeal bars his claim now.

We review a JCC's ruling on *res judicata* de novo. *See O'Connor v. N. Okaloosa Med. Ctr.*, 152 So. 3d 843, 844 (Fla. 1st DCA 2014).

> The piecemeal nature of workers' compensation does not preclude application of res judicata. However, this principle only applies when the elements of res judicata are present and the doctrine properly applied. . . . The determining factor in deciding whether the cause of action is the same is whether the facts or evidence necessary to maintain the suit are the same in both actions.

*Smith v. Time Customer Serv.*, 132 So. 3d 841, 843-44 (Fla. 1st DCA 2013).

Here, the operative facts in 2015 differed from the operative facts in November of 2014. It is undisputed that Pierce's earlier housing became unavailable, and there was never any guarantee that the monthly amount associated with the earlier award would be forever sufficient to provide adequate housing. Nevertheless,

4

the Employer had a continuing obligation to provide handicap-accessible housing. Because the facts and evidence did change, the JCC correctly rejected the Employer's *res judicata* defense. We therefore turn to the Employer's alternative claim.

B.

The Employer argues that—*res judicata* aside—the JCC lacked a basis for entering the housing award. We review a JCC's award of one housing alternative over another for an abuse of discretion, but we review a JCC's fact findings justifying an award for competent substantial evidence. *See Peace River Elec. Corp. v. Choate*, 417 So. 2d 831, 831 (Fla. 1st DCA 1982) (concluding JCC did not abuse discretion in awarding claimant modular home versus remodeling claimant's existing residence because it was "patently clear from the record . . . that nothing short of bulldozing the dwelling would serve to remedy the situation").

Here, the JCC found that Pierce acted reasonably in securing the four-bedroom house on acreage because the Employer failed to assist Pierce in finding any other place. But the Employer's failure to act does not necessarily make Pierce's proposal a reasonable one, and the JCC's order did not make factual findings to support her conclusion that Pierce acted reasonably. *See Garcia v. Fence Masters, Inc.*, 16 So. 3d 200, 201 (Fla. 1st DCA 2009) (reversing because without findings it was not clear whether JCC employed correct legal standard in denying benefits).

5

More to the point, the JCC provided no explanation why Pierce's move from a two-bedroom apartment costing around $1,000 per month to a four-bedroom home costing more than three times that much was reasonable. Regardless of whether the Employer fell short in its obligations, the benefits sought—and more importantly, awarded—must be consistent with section 440.13, Florida Statutes (2012), and this court's prior decisions. *See Fitzgerald v. Osceola Cty. Sch. Bd.*, 974 So. 2d 1161, 1164 (Fla. 1st DCA 2008) ("Claimant bore the burden over the course of the proceedings below to prove her entitlement to workers' compensation benefits.").

Section 440.13(2)(a) provides that the employer shall provide an injured worker with "medically necessary remedial treatment, care, and attendance . . . which is in accordance with established practice parameters and protocols of treatment as provided for in this chapter, including . . . durable medical equipment . . . and other necessary apparatus." In *Polk County Board of Commissioners v. Varnado*, 576 So. 2d 833, 837 (Fla. 1st DCA 1991), this court considered that statute in the context of housing awards. The court reversed the JCC's award of a new house when there was no testimony indicating the claimant's current home could not be modified, only findings that it would be "poor economics" to remodel and that "it would be in the best interest of the parties to construct a new home." *Id.* at 838. The court found the facts insufficient to justify the award. *Id.*; *see also Timothy Bowser Constr. Co. v. Kowalski*, 605 So. 2d 885, 888-89 (Fla. 1st

6

DCA 1992) (reversing portion of a housing award that benefited claimant's parents—who were providing attendant care—because there was no evidence that a second bedroom and bathroom were medically necessary for claimant).

On remand, the JCC should determine whether any particular housing arrangement Pierce seeks is reasonable and necessary.

## III.

As to the vehicle insurance, the Employer argued that the $4,464 quote was excessive and included additional costs reflecting "business use" of the vehicle and a speeding ticket Pierce might have received. While indicating it would pay for the minimum amount of coverage, the Employer argued that the quote was simply too high.

Like with the housing, the Employer's obligation to pay for the insurance is not in dispute. Like with the housing, the extent of its obligation turns on what is actually reasonable and necessary. *See Varnado*, 576 So. 2d at 838. And like with the housing, the JCC failed to make the required findings to support the award as to the coverage needed. It is undisputed, for example, that Pierce's proposed quote included greater coverage than required under the pertinent state law. There was testimony that a minimum policy was available for $712. Because the JCC failed to specifically identify facts that would justify a $4,464 award, we reverse.

## IV.

7

REVERSED and REMANDED.

WINOKUR, JAY, and WINSOR, JJ., CONCUR.